Schacter v Schacter (2018 NY Slip Op 02717)





Schacter v Schacter


2018 NY Slip Op 02717


Decided on April 19, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 19, 2018

Acosta, P.J., Manzanet-Daniels, Tom, Oing, Singh, JJ.


311503/07 6335 6334

[*1]Ira Schacter, Plaintiff-Appellant,
v
Janice Schacter, Defendant-Respondent.


Ira J. Schacter, appellant pro se.
Janice Schacter Lintz, respondent pro se.



Orders, Supreme Court, New York County (Laura E. Drager, J.), entered October 7, 2016 and October 18, 2016, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion to hold defendant responsible for the cost of repairs and maintenance to the parties' Manhattan residence, and, in granting plaintiff's motion to appoint a receiver, declined to impose certain conditions requested by plaintiff, unanimously affirmed, without costs.
Supreme Court providently exercised its discretion in declining to impose plaintiff's proposed limitations on the receiver's authority (see CPLR 5106 [court "may appoint a receiver of property ... to dispose of the property according to its directions"]). In a fine balancing of the equities, the court authorized the receiver to select a broker, to ensure that the listing price of the parties' Bridgehampton house was within the range of the prices of comparable properties sold in the previous six months, and to ensure that any repairs deemed necessary by the broker were completed. Plaintiff's insistence on including a so-called "sunset" provision to effectuate distribution within 270 days was based largely on his concerns about defendant's alleged obstruction of the sale of the parties' Manhattan residence, to which she had exclusive access. As the Manhattan residence is now under contract, and plaintiff has exclusive occupancy of the Bridgehampton house, these concerns are no longer relevant.
We reject plaintiff's argument that defendant should be responsible for repairs and maintenance of the Manhattan residence. The parties' judgment of divorce explicitly provides that plaintiff "shall bear responsibility for 100% of all [] post-commencement costs incurred to maintain and repair" both properties.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 19, 2018
CLERK